UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON RANSOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRUCE MINTZER, MICHAEL MACK, SR., MICHAEL MACK, JR.,<br><br>　　　　Defendants. | No. 2:17-cv-1391-JAM-EFB PS<br><br>ORDER |

　　　　Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

　　　　Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to establish subject matter jurisdiction and must be dismissed. He purports to assert state law claims but cannot establish diversity jurisdiction.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The claims in the complaint are predicated on alleged violations of California Civil Code §§ 54.1 and 54.7, and asserts that on multiple occasions plaintiff Clinton Ransom ("Ransom") was subjected to racial discrimination by the management of his apartment complex. ECF No. 1 at 5-7. In January 2016, defendants Michael Mack, Sr. ("Mack Sr.") and Michael Mack, Jr. ("Mack Jr."), both apartment complex managers, allegedly threatened to tow Ransom's vehicle. *Id.* at 5. Mack Sr. also allegedly accused Ransom of selling and smoking crank and stated that the majority of the problems occurring at the apartment complex were caused by Ransom's "kind of people." *Id.* In July 2016, Ransom was allegedly using power from the apartment complex's maintenance building to jumpstart his vehicle when Mack Jr. "pulled the cord out." *Id.* at 6. A dispute ensued during which Mack Jr. allegedly pulled out a knife and threatened Ransom. *Id.* Ransom subsequently filed a complaint with defendant Bruce Mintzer, the owner of the apartment complex, who took no action. *Id.* In September 2016, the complex's management allegedly started another altercation "out of retaliation." *Id.* Ransom again complained to Mintzer, but no action was taken. *Id.*

The following month, Ransom received a notice of eviction. *Id.* Ransom claims that during eviction proceedings in state court the defendants committed perjury, which resulted in he and his daughter being evicted. *Id.* at 6-7. Ransom now brings this action against defendants Mintzer, Mack Sr., and Mack Jr., alleging that their actions violated California Civil Code §§ 54.1 and 54.7. *Id.* at 4.

As a threshold matter, Ransom is the sole signatory of the complaint, but he purports to assert claims on behalf of his daughter. ECF No. 1 at 1, 6. There is no indication from the record that Ransom is an attorney. Unless he is an attorney, he may not represent his daughter's interests before the court. *See Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a

3

non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another). Accordingly, Ransom may only assert claims on his own behalf. Any claim brought on behalf of his daughter must be dismissed without prejudice.

More significantly, the complaint fails to establish subject matter jurisdiction over this action. Ransom only alleges state law claims for violation of California Civil Code §§ 54.1 and 54.7.[2] ECF No. 1 at 4. But the complaint indicates that all parties are citizens of California. As noted above, to establish diversity jurisdiction plaintiff must allege diverse citizenship of all parties. *Bautista*, 828 F.2d at 552. As all parties are from California, diversity jurisdiction over Ransom's state law claims is absent. Accordingly, the complaint must be dismissed for lack of subject matter jurisdiction.

Plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a basis for this court's jurisdiction, as well as a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

---

[2] The complaint makes vague reference to "housing laws," but only cites to the California Civil Code. *See* ECF No. 1 at 4. There is no indication from the complaint that Ransom seeks to allege a federal claim.

4

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE